UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | :     CHAPTER 7 |
| | : |
| | :     CASE NO. 17-50138-PMB |
| ALBERTO CATALAN and | : |
| CARON HEGARTY CATALAN, | : |
| | : |
| Debtors. | : |
| | : |

**APPLICATION OF ARNALL GOLDEN GREGORY LLP FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE
CHAPTER 7 TRUSTEE**

COMES NOW Arnall Golden Gregory LLP ("**AGG**" or "**Applicant**"), attorneys for S.
Gregory Hays, in his capacity as Chapter 7 Trustee ("**Trustee**") in the Chapter 7 case of Alberto
Catalan and Caron Hegarty Catalan, and, under 11 U.S.C. § 330 and Bankruptcy Rule 2016,
applies for allowance of compensation and reimbursement of expenses.  AGG seeks allowance
of compensation in the amount of $63,158.00[1] and reimbursement of expenses in the amount of
$1,149.08 for the period through the close of this case after February 15, 2019.   In support
thereof, AGG respectfully shows as follows:

**General Background**

1.        On January 3, 2017 (the "**Petition Date**"), Alberto Catalan and Caron Hegarty
Catalan (collectively, the "**Debtors**") filed a voluntarily petition under Chapter 7 of Title 11 of
the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the
"**Bankruptcy Code**"), initiating Case No. 17-50138-PMB (the "**Case**").

---

[1]      AGG's fees for the billing period are actually $64,040.00.  Based on an agreement with
the United States Trustee, AGG has voluntarily reduced its fees by $882.00.  In addition, in the
exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J.
Bargar from $495.00 per hour to the $430.00 per hour charged in calendar year 2018.

2.        Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Case.

3.        On January 17, 2017, Trustee filed an application to employ AGG as his attorneys.  [Doc. No. 10].  On January 18, 2017, this Court entered an Order [Doc. No. 11] approving the employment of AGG as counsel for Trustee.

## Narrative Summary of Services Performed

### A. General Background Information

4.        Trustee and his professionals have undertaken extensive investigation, identification, and liquidation of assets of the estate, have taken such steps as deemed appropriate for administration and protection of the estate, and created an estate that totaled approximately $443,000.00.  After payments authorized by the Court, including secured claims, the estate currently includes approximately $216,400.00.

5.        Trustee and his professionals created this estate after selling two of Debtors' real properties, one of which was sold after litigating with the first priority security interest holder and obtaining a consent judgment avoiding and recovering its security interest.

6.        As a result of these efforts, Trustee will likely make a meaningful distribution to holders of unsecured claims against the estate.

7.        In short, Trustee and his professionals have achieved good results in this Case, all while allowing Debtors to keep their home (despite the fact that, as discussed in more detail below, the primary recovery in this case resulted from the avoidance and recovery of a voluntary security interest that Debtors granted in this property).

13148603v1

### B. Summary of Fee Application

8.      For the period from January 3, 2017 through the close of the Case after February 15, 2019 (the "**Application Period**"), AGG seeks compensation in the amount of $63,158.00 and reimbursement of expenses in the amount of $1,149.08.

9.      If the Court grants the compensation requested in this Application, the total compensation to AGG in this Case will be approximately 14.5% of the $443,000.00 gross amount that AGG assisted Trustee to recover in this matter, and approximately 29.5% of the approximately $216,400.00 that remains for Trustee to distribute to allowed unsecured claims against the estate.   This is a good result considering the complex legal issues that arose in shepherding this Case to its close.

### C. The Properties

10.      On their *Schedule A/B: Property*, Debtors scheduled their sole ownership interests in those certain real properties commonly known as: (a) 2368 Bynum Road, NE, Brookhaven, DeKalb County, Georgia 30319 (the "**Brookhaven Property**"); and (b) 3000 Ashbury Court, Woodstock, Cherokee County, Georgia 30189 (the "**Woodstock Property**").

### D. Liens, Interests, and Encumbrances

#### a. The Brookhaven Property

11.      On *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1 at page 25 of 59] ("**Schedule D**"), Debtors scheduled a "First Mortgage" on the Brookhaven Property in favor of Bank of America, N.A. with a loan payoff scheduled in the amount of $199,085.00.

12.      On February 10, 2017, Bank of America, N.A., as servicing agent for the Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificate holders of the

CWALT, Inc., Alternative Loan Trust 2007-18CB Mortgage Pass-Through Certificates, Series 2007-18CB ("**BANA**") filed its *Motion to Relief from Automatic Stay (Real Property)* [Doc. No. 20] (the "**Stay Relief Motion**") requesting relief from the automatic stay of 11 U.S.C. § 362(a) as to the Property.

13.    BANA scheduled the hearing on its Stay Relief Motion for March 14, 2017.

14.    BANA provided Trustee with a payoff for its purported security interest in the Brookhaven Property with a balance of $207,977.01, which was valid through March 14, 2017.

15.    Trustee obtained a full title examination for the Property, effective February 6, 2017 (the "**Title Report**").  Other than the security interest of BANA, the Title Report reflected no other liens or encumbrances on or against the Brookhaven Property.

### b. The Woodstock Property

### i. Liens, Claims, Interests, and Encumbrances

16.    Also on their Schedule D, Debtors scheduled one claim on or against the Woodstock Property in favor of Wells Fargo Home Mortgage ("**Wells Fargo**").

17.    Trustee obtained a full title examination report for the Woodstock Property, dated February 21, 2017 (the "**Title Report**").  With the exception of the alleged claim owed to Wells Fargo, the Title Report reflected no other liens on or against the Woodstock Property.

### ii. Wells Fargo Security Interest Avoided

18.    On May 6, 2009, Debtors executed a Security Deed (the "**Security Deed**"), in favor of Wells Fargo, conveying an interest in the Property to secure a debt in the original principal amount of $174,550.00 ("**Transfer #1**").

19.    The Security Deed was recorded on the real estate records of Cherokee County, State of Georgia (the "**Real Estate Records**") on May 19, 2009, beginning at page 100 of Deed

13148603v1

Book 10640 ("**Transfer #2**", and together with Transfer #1, the "**Transfers**").

20.     On December 18, 2017, Trustee filed a complaint against Wells Fargo to avoid
and recover the interests of Wells Fargo in the Property and initiated the adversary proceeding
styled as *Hays v. Wells Fargo Bank, N.A.* (Adv. Proceeding No. 17-5296-PMB) (the "**Adversary
Proceeding**") in the Bankruptcy Court.

21.     On July 19, 2018, the Bankruptcy Court entered an order [Doc. No. 15; Adv. Pro.
No. 17-5296-PMB] (the "**Order**") and judgment [Doc. No. 16; Adv. Pro. No. 17-5296-PMB]
(the "**Judgment**") in the Adversary Proceeding in favor of Trustee and against Wells Fargo
avoiding the Transfers under 11 U.S.C. § 544(a)(3), granting Trustee a recovery of the interests
of Wells Fargo in the Property under 11 U.S.C. § 550, and preserving the avoided Transfers for
the benefit of the Bankruptcy Estate under 11 U.S.C. § 551.

22.     As a result of the Order and Judgment, the Bankruptcy Estate held the Property
free and clear of any interest of Wells Fargo.

### E. Sales of the Properties

#### a. The Brookhaven Property

23.     On February 17, 2017, Trustee filed his *Motion for (I) Authority to Sell Property
of the Estate Free and Clear of All Liens, Interests and Encumbrances, and (II) Authority to
Disburse Certain Proceeds at Closing* [Doc. No. 30] (the "**First Sale Motion**"), seeking an order
from the Court to sell (the "**Brookhaven Sale**") the Brookhaven Property to BRS Better
Neighborhoods, Inc. (the "**Brookhaven Purchaser**") for a sale price of $270,000.00.

24.     On March 14, 2017, the Court entered an order [Doc. No. 40] granting the First
Sale Motion.   Shortly thereafter, Trustee closed the Brookhaven Sale to the Brookhaven

13148603v1

Purchaser and netted Debtors' bankruptcy estate approximately $45,000.00, after paying, among other things, the secured claim of BANA.  *See* [Doc. No. 38].

### b. The Woodstock Property

25.      On December 7, 2018, *Trustee's Motion for Authority to (A) Sell Real Property of the Estate Free and Clear of Liens, Interests, and Encumbrances and (B) Disburse Certain Proceeds at Closing* [Doc. No. 50] (the "**Second Sale Motion**"), seeking an order from the Court to sell (the "**Woodstock Sale**") the Woodstock Property to Debtors for a sale price of $173,000.00 plus a waiver of Debtors' available exemption in the amount of $43,183.56.  By avoiding the payment of this approximately $43,000.00 exemption along with the costs of a sale to a third party (including a 6% broker's commission) the true economic value of this agreement with Debtors was approximately $235,000.00 to $240,000.00 (plus the value of avoiding the risks of any unidentified issues that may have arisen during a standard marketing process).

26.      On January 8, 2019, the Court entered an order [Doc. No. 53] granting the Second Sale Motion.  Shortly thereafter, Trustee closed the Woodstock Sale to Debtors and netted Debtors' bankruptcy estate approximately $173,000.00.  *See* [Doc. No. 55].

### F. Resolution of Claims

27.      Following the closing the Woodstock Sale, Trustee resolved disputes with the IRS and Cherokee County regarding their filed proofs of claim by having them withdraw or amend to $0.00.

28.      AGG expended a substantial amount of time providing legal services to Trustee with respect to the above-mentioned matters, including Trustee's sales of the Brookhaven Property and Woodstock Property and Trustee's obtaining a judgment in the Adversary Proceeding.

13148603v1

29.    Exhibit "A," attached hereto and incorporated herein by reference, provides additional detail regarding AGG's rendition of services to Trustee.

30.    Exhibit "B," attached hereto and incorporated herein by reference, consists of the résumés of AGG's attorneys charging for his or her services on behalf of the Trustee in this Case.

## Particulars about the Application

31.    This application for allowance of compensation and reimbursement of expenses is the first application AGG has filed in this Case.

32.    Pursuant to the provisions of 11 U.S.C. §§ 330 and 331, AGG files this application in which it seeks compensation for services rendered as counsel for the Trustee, together with reimbursement of expenses incurred in connection therewith, for the period from December 28, 2017 through the close of the Case after February 15, 2019.

33.    For the period covered by this application, AGG's attorneys and legal assistants have devoted a total of not fewer than 166.00 hours in rendering services in this Case.   A summary of hours spent by each attorney or paraprofessional is attached at page 21 of Exhibit "A."

34.    With respect to the services, which have been provided by AGG in this Case, AGG shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estate of Debtor and the protection of the rights and positions of creditors and the estate.   AGG shows that the fair and reasonable value of these

7

services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $63,158.00.[2]

35.     AGG is a law firm with major practice areas in Chapter 7 and Chapter 11 bankruptcy cases.

36.     AGG has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation of fiduciaries in large and complex Chapter 7 cases. The bankruptcy lawyers in the firm are well-versed in both the substantive and procedural issues which arise in such cases and, consequently, are able to provide prompt, efficient, and effective legal services as required. Because of their experience in large cases, attorneys with the firm are able to mobilize and coordinate the resources of the firm, the client, other professionals, and outside services so that the logistical and clerical requirements of cases such as this one can be timely, effectively, and efficiently met.

37.     AGG submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience, and reputation in cases of similar complexity and size in the geographic area in which it practices and in cases not proceeding under the Bankruptcy Code. *See* 11 U.S.C. § 330(a)(3)(F) (2017); *see also In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 849 (3rd Cir. 1994) (citing to legislative history related to 11 U.S.C. § 330, adopted in 1978, for the proposition that "The unambiguous policy inspiring § 330(a), expressed most clearly [by Congress], is that *professionals and paraprofessionals in*

---

[2]     As discussed above, AGG's fees for the billing period are actually $64,040.00. Based on an agreement with the United States Trustee, AGG has voluntarily reduced its fees by $882.00. In addition, in the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to the $430.00 per hour charged in calendar year 2018.

13148603v1

*bankruptcy cases should earn the same income as their non-bankruptcy counterparts.*")
(emphasis added).

38.    AGG shows that all services for which compensation is requested have been
actually provided to Trustee, and to no other parties, and have been necessary for the proper and
effective administration of this Case and for the benefit of the Debtors' estates and creditors.

39.    AGG submits that it is entitled to allowance of compensation in the amount of not
less than $63,158.00 of fees that arose based on a "lodestar" calculation of reasonable hourly
rates multiplied by the number of hours actually expended, as summarized on Exhibit "A."
AGG shows that consideration of the twelve factors set out in *Johnson v. Georgia Highway
Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in
*Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and
*Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990), for evaluation of
applications for compensation, supports such compensation as shown below.  The following
summarizes the application of the *Johnson* factors to this Case:

(a)  Time and labor required:  AGG has expended a total of 166.00 attorney and
paraprofessional hours during the Application Period.  The legal issues presented by this Case
have required much time and attention, on a timely basis.

(b)  Novelty and difficulty of the legal questions: This Case has involved
numerous issues which are discussed, in part, in Exhibit "A," the narrative description of
services provided and earlier in this Application.  These legal issues presented somewhat novel
issues that required a substantial amount of time and effort to resolve.

(c)  Skill required performing the legal services properly:  Trustee chose AGG
because AGG has the requisite skill and experience to perform the necessary legal services

13148603v1

properly and to supervise all legal matters, including the numerous non-bankruptcy issues, which have developed in this Case. AGG submits that this Case has required extensive skill and experience.

(d) Preclusion of other employment due to acceptance of this Case: Time and attention were necessarily and properly devoted to this Case. The extent and nature of the time and attention limited the capacity of the attorneys involved in this Case to handle other matters.

(e) Customary fee for similar work in the community: AGG is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees or responsible persons on the same basis as requested herein.

(f) Whether fee is fixed or contingent: This is not a contingency fee case except that there would be no estate and no chance of payment of professionals without the actions undertaken to bring funds into the estate. As a result, AGG was at a significant risk of not being paid until Trustee was able to liquidate the properties through the sales and Adversary Proceeding discussed above. AGG charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors. Time was charged at hourly rates for attorney time. Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, the time constraints imposed by the client or the circumstances, and the rates of lawyers of reasonably comparable skills, experience, and reputation in non-bankruptcy matters of similar complexity and size. AGG also charges for expenses incurred in connection with the provision of legal services as set forth in the

13148603v1

attached expense description included in Exhibit "A." The compensation AGG is seeking to be paid in this Case, subject to Court approval under 11 U.S.C. § 330, is based on hourly rates.

(g)    Time limitations imposed by the clients or circumstances:  The time limitations were the normal ones in a Chapter 7 case.

(h)    Amount involved and results obtained:  AGG has assisted Trustee to create an estate of approximately $443,000.00 (when taking into account the true economic value of the Woodstock Sale, this number is actually around $500,000.00).  If the Court grants the compensation requested in this Application, the total compensation to AGG in this Case will be approximately 14.5% of this $443,000.00, and approximately 29.5% of the approximately $216,400.00 that remains for Trustee to distribute to allowed unsecured claims against the estate.

(i)    Experience, reputation, and ability of attorneys: AGG's attorneys have significant experience and ability in handling bankruptcy cases of the size and complexity of this Case and AGG has developed a reputation for such ability and experience.

(j)    Undesirability of the Case: This is not a factor in this Case except that there were no funds in the bankruptcy estate from which to compensate AGG, so it was at serious risk of non-payment absent a successful liquidation of the properties after resolving the numerous legal issues that arose prior to closing the above-mentioned sales, including the avoidance and recovery of the security interest of Wells Fargo.

(k)    Nature and length of the professional relationship with the client: This is not a factor in this Case.

(l)    Awards in similar cases:  AGG is regularly awarded compensation in bankruptcy cases on the same basis as requested herein.

13148603v1

(m)    Other factors:  In the course of preparing this application, AGG reduced or eliminated certain time entries for the fees of its attorneys and paraprofessionals.

40.    Any compensation awarded by the Court will not be shared except among AGG's members and lawyers regularly practicing with AGG. In addition, AGG has received no compensation from any source in connection with this Case.

41.    AGG shows further that it has incurred $1,149.08 in out-of-pocket expenses in this Case.  The expenses incurred were actual, necessary expenses which are reasonable given the size of this Case and the unavoidable costs of administration and coordination of service of notices and other documents.  Detailed descriptions of expenses incurred during the period covered by this application are included in Exhibit "A."

42.    Trustee has reviewed this Application and has approved the requested amount.

43.    AGG requests that this application and attached exhibits be admitted into evidence at any hearing on this Application.

44.    Based on the foregoing, AGG seeks allowance of $63,158.00 as compensation and $1,149.08 in reimbursement of expenses.

45.    AGG requests that this Application be granted.

WHEREFORE, AGG respectfully prays:

(a)  That AGG be allowed compensation in the amount of $63,158.00 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period after February 15, 2019;

(b)  That AGG be allowed the sum of $1,149.08 for the reimbursement of expenses incurred in this Case for the period after February 15, 2019;

12

13148603v1

(c)  That the Court grant the compensation and reimbursement of expenses sought herein and authorize payment as Chapter 7 administrative expenses and that the award be made final; and

(d)  That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 24th day of April, 2019.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Chapter 7 Trustee*

By: /s/ Michael J. Bargar
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
(404) 873-7030
(404) 873-7031 (facsimile)

13148603v1

EXHIBIT "A" FOLLOWS

13148603v1

**Arnall
Golden
Gregory** LLP

Greg Hays, Trustee in Bankruptcy
Hays Financial Consulting, LLC
2964 Peachtree Road, NW
Suite 555
Atlanta, GA  30305

February 18, 2019
Invoice #758527
Neil C. Gordon

---

**For Legal Services Rendered In Connection With:**

Client/Matter #22151-89
Catalan, Alberto and Catalan, Caron Hegarty (Case No. 17-50138-PMB)

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 01/03/17 | M. Bargar | 0.70 | Evaluate and analyze real property records and consider legal issues related potential avoidance action and sale of real estate (.4); telephone call to Trustee regarding same (.1); draft correspondence to Trustee regarding same (.1); draft memo to N. Gordon regarding same and legal issues moving forward with avoidance action (.1) |
| 01/03/17 | N. Gordon | 0.70 | Review and analyze all title documents and confirm avoidability of security deed |
| 01/11/17 | M. Bargar | 0.40 | Evaluate and analyze potential recovery from Debtors' interests in rental properties and consider legal issues moving forward as to same |
| 01/12/17 | P. Bicknell | 0.90 | Review file (.2); draft application to employ counsel (.7) |
| 01/13/17 | M. Bargar | 0.40 | Edit AGG employment application (.2); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding legal issues and strategies related to liquidation of estate assets (.1) |
| 01/17/17 | M. Bargar | 2.10 | Draft correspondence to support staff regarding application to employ and related legal issues (.1); gather facts and consider legal issues related to recoveries in case and sale of real properties (.4); draft memo to support staff regarding same (.1); draft memo to support staff regarding same (.1); legal research regarding potential avoidance action (1.4) |

---

A LATE CHARGE OF 1-1/2% PER MONTH WILL BE APPLIED TO BALANCES OUTSTANDING OVER 60 DAYS

FEI# 58-0543673

Atlanta, GA | Washington, DC

ALL BILLING RELATED QUERIES: Phone:  404.873.8500 | Fax: 404.873.8501

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 01/18/17 | M. Bargar | 1.00 | Draft correspondence to Trustee regarding legal issues related to sale of property (.1); gather facts and legal research regarding same, including issues under 365(d) (.4); draft memo to support staff regarding same (.1); draft memo to support staff regarding same (.1); evaluate and analyze new offer to buy and consider strategies related to response and related legal issues (.3) |
| 01/18/17 | P. Bicknell | 0.80 | Review of two contract offers (.40); telephone call to realtor to discuss his employment, counter offers and bankruptcy procedures (.40) |
| 01/18/17 | P. Bicknell | 0.80 | Prepare and obtain execution of verified statement of Jackson Bass (.20); review and make revisions to realtor's listing agreement (.30); correspondence to realtor regarding instructions for review and exection of verified statement and special stipulations to incorporate in to listing agreement as well as all counter offers (.3) |
| 01/19/17 | M. Bargar | 0.40 | Evaluate and analyze suggest strategies from broker and consider legal issues related to same (.2); draft correspondence to Trustee regarding same (.2) |
| 01/24/17 | P. Bicknell | 0.90 | Review and make revisions to realtor's listing agreement |
| 01/24/17 | P. Bicknell | 0.30 | Correspondence to Trustee regarding instructions for review and execution of listing agreement and employment of realtor |
| 01/24/17 | M. Bargar | 0.50 | Edit listing agreement re sale of rental property (.2); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same (.2) |
| 01/25/17 | P. Bicknell | 1.10 | Prepare application to employ realtor under listing agreement and proposed Order |
| 01/25/17 | M. Bargar | 0.40 | Edit application to employ real esate broker (.2); edit proposed order regarding same (.2) |
| 02/02/17 | M. Bargar | 0.30 | Gather facts and consider legal issues related to pending sale of real property of bankruptcy estate (.1); draft memo to support staff regarding same (.1); draft memo to support staff regarding same (.1) |

Greg Hays, Trustee in Bankruptcy

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 02/07/17 | P. Bicknell | 0.60 | Correspondence to closing attorney regarding status of court approval of sale (.20); correspondence to realtor regarding bankruptcy procedures, contingency expiration and time-line for filing of sale motion to closing (.40) |
| 02/07/17 | M. Bargar | 0.30 | Telephone call to Trustee regarding potential recoveries from real estate interests and strategies related to same |
| 02/09/17 | M. Bargar | 0.20 | Draft correspondence to Trustee regarding status of sale and related legal issues (.1); telephone call to Trustee regarding same (.1) |
| 02/09/17 | P. Bicknell | 2.10 | Review terms of contract offer (.30); prepare Trustee's Purchase and Sale Agreement and closing exhibits (1.8) |
| 02/10/17 | P. Bicknell | 0.40 | Written request to title company regarding instructions for completing full title examination of real property |
| 02/10/17 | M. Bargar | 2.80 | Draft memo to support staff regarding legal issues related to sale and sale motion (.3); telephone call to Trustee regarding same (.2); evaluate and analyze motion for relief from stay of BANA and consider legal issues related to same (.4); draft correspondence to BANA's attorney regarding same and pending sale motion regarding same property (.5); telephone call to Trustee regarding same (.2); gather facts and consider legal issues related to additional recoveries in case including attestation issues related to purported security interest in primary residence (1.2) |
| 02/10/17 | N. Gordon | 0.60 | Review title examination report and all documents |
| 02/13/17 | M. Bargar | 0.20 | Draft correspondence to Ryan Starks, counsel for BANA, regarding stay relief motion and payoff of underlying debt as relates to pending sale motion |
| 02/15/17 | M. Bargar | 0.10 | Telephone call to Trustee regarding pending sale motion as to rental property and related legal issues and strategies moving forward as to other recoveries in case |

Greg Hays, Trustee in Bankruptcy

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 4

| **DATE** | **TIMEKEEPER** | **HOURS** | **DESCRIPTION** |
|---|---|---|---|
| 02/16/17 | M. Bargar | 2.00 | Draft correspondence to Ryan Starks, counsel for BANA, regarding payoff for his client's alleged secured claim (.2); edit sale motion (.8); edit notice of hearing (.3); draft correspondence to Trustee regarding sale motion (.1); draft correspondence to Trustee regarding same (.1); continue to draft same following requested edits by Trustee (.1); gather facts and consider legal issues and strategies regarding potential avoidance of alleged security interest in debtor's primary residence (.4) |
| 02/16/17 | P. Bicknell | 0.40 | Written request to title company for instructions to complete a full title examination of the residence at 3000 Ashbury Court |
| 02/16/17 | P. Bicknell | 1.80 | Review terms of purchase and sale agreement (.30); prepare 363 Motion to Sell Property of the Estate Free and Clear of All Liens, Interests and Encumbrances and to Disburse Certain Proceeds at Closing (1.50) |
| 02/17/17 | M. Bargar | 1.00 | Continue to legal research and gather facts regarding potential avoidance action related to security deed purportedly encumbering the debtors' primary residence (.4); draft memo to support staff regarding filing of sale motion and related notice of hearing (.2); draft memo to support staff regarding filing of notices of bankruptcy on rental property and primary residence (.2); evaluate and analyze correspondence from J. Treace regarding issues raised as to employment application affidavit of broker (.2) |
| 02/17/17 | P. Bicknell | 0.80 | Prepare claim of interest and notice of bankrutpcy filing regarding debtor's residence, with letter to clerk, Cherokee County regarding instructions for filing and recordation of same |
| 02/17/17 | P. Bicknell | 0.80 | Prepare claim of interest and notice of bankrutpcy filing regarding debtor's rental proeprty, with letter to clerk, Dekalb County regarding instructions for filing and recordation of same |
| 02/20/17 | M. Bargar | 0.10 | Telephone call to Jeneane Treace regarding her inquiry related to employment application of real estate broker |
| 02/22/17 | N. Gordon | 1.00 | Review title examination report and all documents and confirm missing unofficial witness (.8); memo to M. Bargar regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 5

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|------------|-------|-------------|
| 02/23/17 | M. Bargar | 2.30 | Draft correspondence to Trustee regarding bar date and related legal issues (.2); gather facts and consider legal issues related to avoidance of alleged security interest in debtors' primary residence (1.2); draft demand letter regarding same (.7); legal research regarding same (.2) |
| 02/24/17 | M. Bargar | 0.20 | Legal research and gather facts regarding potential avoidance action and sale of underlying real property interests |
| 03/06/17 | P. Bicknell | 0.30 | Correspondence to realtor regarding execution of revised verified statement |
| 03/06/17 | M. Bargar | 1.70 | Draft correspondence to J. Treace, UST attorney, regarding amendment to employment application for real estate broker (.1); draft supplement to same (.6); telephone call to Trustee regarding same (.2); telephone call to Trustee regarding legal issues related to sale of debtors' primary residence and attestation issues regarding security deed securing an interest in same (.2); legal research and gather facts regarding same (.6) |
| 03/07/17 | M. Bargar | 0.30 | Continue to draft supplement to broker employment application |
| 03/07/17 | M. Bargar | 0.30 | Draft correspondence to Ryan Starks, attorney for first position security interest holder, regarding sale of rental property and related legal issues (.2); draft correspondence to support staff regarding same (.1) |
| 03/08/17 | P. Bicknell | 0.40 | Correspondence to counsel for lender requesting current payoff statement |
| 03/09/17 | P. Bicknell | 0.50 | Correspondence with listing and selling agents regarding debtor vacating property, final walk date and time of final walk through, court approval and closing |
| 03/13/17 | P. Bicknell | 1.00 | Review of sale motion and contract (.20); obtain and review court docket regarding objections/responses filed (.10); prepare proposed order authorizing sale (.70) |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 6

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 03/13/17 | M. Bargar | 1.50 | Edit proposed sale order (.3); telephone call to Trustee regarding same (.1); telephone call from Trustee regarding same and legal issues related to closing of proposed sale (.2); draft correspondence to Trustee regarding same (.2); prepare for sale hearing (.2); prepare for hearing on stay relief motion (.2); draft memo to support staff regarding same (.2); draft correspondence to Trustee regarding same (.1) |
| 03/14/17 | M. Bargar | 2.90 | Prepare for hearing on sale motion (.4); to court and attend same (1.3); draft memo to support staff regarding results of same (.1); continue to draft proposed order in preparation for uploading of same (.2); draft memo to support staff regarding legal issues related to closing of sale (.1); telephone call to Trustee regarding same (.1); draft correspondence to Trustee regarding same (.1); telephone call from Trustee regarding same (.3); draft correspondence to Trustee regarding closing of sale and related legal issues (.2); draft correspondence to Trustee regarding entry of sale order and related legal issues (.1) |
| 03/14/17 | P. Bicknell | 0.90 | Meeting the Trustee regarding review and execution and closing documents and related legal matters |
| 03/15/17 | M. Bargar | 0.50 | Draft correspondence to Trustee regarding legal issues related to closing of sale of rental property (.1); telephone call to Trustee regarding same (.1); draft correspondence to Trustee regarding same (.1); draft correspondence to support staff regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 03/15/17 | P. Bicknell | 0.80 | Review, analyze settlment statement and finalize documents for closing (.50); memo to M. Bargar regarding same (.30) |
| 03/20/17 | M. Bargar | 1.40 | Legal research and gather facts regarding avoidance action and related legal issues |
| 04/05/17 | M. Bargar | 0.50 | Gather facts and consider legal issues related to outstanding legal issues and potential recoveries (.3); draft correspondence to Trustee regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 04/07/17 | M. Bargar | 1.60 | Gather facts and consider legal issues related to avoidance action and other potential recoveries in case, including real estate claims along with status of filed claims and deadlines for filing of same |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 7

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 04/26/17 | M. Bargar | 0.40 | Legal research and consider legal issues related to outstanding recoveries as relates to filed claims and consider strategies moving forward as to same, including engaging secured lender in settlement discussions as to potential avoidance action |
| 04/28/17 | M. Bargar | 2.30 | Legal research and gather facts regarding strategies moving forward in avoidance action |
| 05/04/17 | M. Bargar | 0.70 | Evaluate and analyze filed claim in the amount of $600,000.00 and consider legal issues moving forward in liquidating assets of estate (.3); telephone call to Trustee regarding same (.1); legal research and gather facts regarding same (.3) |
| 05/05/17 | M. Bargar | 1.10 | Continue to legal research and gather facts regarding avoidance action |
| 06/25/17 | M. Bargar | 0.40 | Gather facts and consider legal issues and strategies related to avoidance action |
| 08/29/17 | M. Bargar | 0.80 | Evaluate and analyze correspondence from Trustee regarding sale of debtors' primary residence and consider related legal issues (.3); draft memo to support staff regarding same (.2); draft memo to support staff regarding same (.1); draft correspondence to Trustee regarding same and legal issues and strategies moving forward (.2) |
| 08/30/17 | M. Bargar | 0.20 | Draft memo to support staff regarding sale of real property interest and other potential recoveries |
| 09/07/17 | M. Bargar | 0.10 | Draft memo to support staff regarding legal issues related to sale of real property |
| 09/25/17 | P. Bicknell | 0.50 | Review of realtor's inspection report and comparative marketing analysis (.10); summary of analysis to Trustee regarding equity, listing of property and equity buyout proposal (.40) |
| 09/26/17 | M. Bargar | 0.30 | Draft correspondence to Trustee regarding sale of equity to debtors (.2); draft memo to support staff regarding same (.1) |
| 09/27/17 | M. Bargar | 1.10 | Gather facts and consider legal issues related to debtors' offer to buy equity in real property (.4); draft memo to support staff regarding same (.2); telephone call to Trustee regarding same (.2); legal research regarding same (.3) |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 8

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 10/03/17 | P. Bicknell | 0.30 | Correspondence to debtors' attorney to request proof of insurance on 3000 Ashbury Court property |
| 12/14/17 | P. Bicknell | 1.80 | Review of court docket and title report regarding attestation issue (.30); prepare complaint to avoid the transfers under 544 - no unofficial witness (1.5) |
| 12/14/17 | M. Bargar | 0.90 | Edit complaint (.8); draft correspondence to Trustee regarding same (.1) |
| 12/19/17 | M. Bargar | 1.30 | Gather facts and consider legal issues related to strategies moving forward in adversary proceeding, including potential for settlement and related matters (1.1); draft memos (x2) to support staff regarding service of summons and complaint (.2) |
| 12/27/17 | M. Bargar | 1.20 | Gather facts and consider legal issues related to issues and strategies moving forward in avoidance action |
| 12/28/17 | M. Bargar | 0.60 | Edit COS re Rule 4 service of summons and complaint (.1); gather facts and consider legal issues related to strategies moving forward in avoidance adversary proceeding, including potential issues for settlement (.5) |
| 12/28/17 | P. Bicknell | 0.40 | Prepare and file certificate of service of complaint and summons |
| 01/02/18 | M. Bargar | 1.20 | Gather facts and consider legal issues in moving forward in adversary proceeding |
| 01/12/18 | M. Bargar | 1.20 | Legal research and gather facts regarding pending adversary proceeding and consider potential resolution or legal issues related to monetization of property interest |
| 01/18/18 | M. Bargar | 0.80 | Legal research regarding relief under section 550 following default by defendant in attestation case including jurisdiction of court to enter final orders on same when money judgment is appropriate |
| 01/19/18 | M. Bargar | 0.70 | Continue to gather facts and consider legal issues related to default judgment in avoidance action (.5); draft memo to support staff regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 9

| **DATE** | **TIMEKEEPER** | **HOURS** | **DESCRIPTION** |
|---|---|---|---|
| 02/22/18 | M. Bargar | 1.50 | Gather facts and consider legal issues related to motion for default judgment against Wells Fargo (1.3); draft memos (x3) to support staff regarding same (.2) |
| 03/05/18 | M. Bargar | 1.50 | Draft request for entry of default in attestation adversary (.5); draft memo to support staff regarding service of same (.1); gather facts and consider legal issues related to moving forward in adversary proceeding including potential motion for default judgment and request of additional time to serve complaint and summons (.9) |
| 03/07/18 | M. Bargar | 0.80 | Continue to draft motion to extend deadline to serve (.4); draft proposed order regarding same (.3); draft memo to support staff regarding filing of same (.1) |
| 03/07/18 | M. Bargar | 1.20 | Legal research regarding motion for default judgment |
| 03/09/18 | M. Bargar | 1.20 | Continue to legal research and gather facts regarding motion for default judgment and potential for money judgment through same |
| 03/14/18 | M. Bargar | 0.90 | Continue to legal research regarding motion for default judgment |
| 03/22/18 | M. Bargar | 1.20 | Legal research and gather facts regarding pending adversary proceeding against Wells Fargo and consider strategies and issues with motion for default judgment or reopening default against defendant |
| 03/28/18 | M. Bargar | 4.10 | Telephone call from Janet Todd, counsel for Wells Fargo, regarding avoidance action, entry of default, and related legal issues (.3); gather facts and consider legal issues and strategies related to allowance of answer by Wells Fargo (.4); legal research regarding same (1.4); draft correspondence to Janet Todd regarding same (.2); continue to legal research and gather facts regarding same (1.2); draft stipulation extending time and acknowledgment of service (.4); draft correspondence to Janet Todd regarding same (.2) |
| 03/29/18 | M. Bargar | 0.60 | Continue to draft stipulation extending answer deadline and acknowledgment of service in preparation for filing of same (.3); draft correspondence to Janet Todd, counsel for Wells Fargo regarding same (.2); draft memo to support staff regarding service of same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 10

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 03/30/18 | M. Bargar | 0.60 | Continue to legal research regarding strategies moving forward in adversary proceeding following answer by Wells Fargo |
| 04/05/18 | M. Bargar | 0.60 | Gather facts and consider legal issues in response to inquiry from Gai Lynn McCarthy, counsel for debtor, regarding status of case and remaining legal issues in adversary proceeding with Wells Fargo Bank (.2); draft correspondence to Gai Lynn McCarthy regarding same (.4) |
| 04/18/18 | M. Bargar | 4.40 | Evaluate and analyze answer filed by mortgagee in avoidance action (.7); legal research regarding same and specifically 5 affirmative defenses (.8); telephone call to Christopher Porterfield, counsel for mortgagee, regarding same (.1); telephone call from Christopher Porterfield regarding same (.2); legal research and gather facts regarding same including equitable subrogation argument and review of public records as to same (2.1); telephone call to Trustee regarding same (.2); draft memo to B. Matthews regarding same (.1); evaluate and analyze response memo regarding same (.2) |
| 04/20/18 | M. Bargar | 3.80 | Continue to evaluate and analyze answer by mortgagee and equitable defenses raised and consider appropriate strategies moving forward (.7); legal research regarding same (1.3); continue to legal research regarding same (1.8) |
| 04/27/18 | M. Bargar | 0.50 | Draft correspondence to Christopher Porterfield, counsel for Wells Fargo, regarding status of review of Georgia Supreme Court opinions and prospects for consent order and judgment (.3); draft correspondence to Christopher Porterfield regarding same (.2) |
| 05/02/18 | M. Bargar | 1.60 | Continue to gather facts and legal research in preparation for motion for summary judgment against mortgagee in avoidance action (1.1); draft correspondence to Chris Porterfield, counsel for title company, regarding same (.1); draft correspondence to Chris Porterfield regarding same (.1); prepare for telephone call to Chris Porterfield regarding same (.2); telephone call to Chris Porterfield regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 11

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|---|---|---|---|
| 05/07/18 | M. Bargar | 1.40 | Draft correspondence to Christopher Porterfield, counsel for mortgagee, regarding avoidance action and related legal issues (.2); gather facts and consider legal issues moving forward (.4); telephone call to Trustee regarding same (.2); continue to gather facts and consider legal issues related to motion for summary judgment given unresponsiveness of mortgagee's counsel (.5); draft correspondence to Christopher Porterfield, mortgagee's counsel, regarding same (.1) |
| 05/09/18 | M. Bargar | 1.30 | Telephone call from Chris Porterfield, counsel for title company, regarding pending litigation and related legal issues (.3); gather facts and consider legal issues related to same including filed claims, previous liquidation proceeds, title report and impact of same on settlement prospects (.7); draft correspondence to Trustee regarding status of adversary proceeding and related legal issues and strategies moving forward (.3) |
| 05/18/18 | M. Bargar | 0.40 | Gather facts and consider legal issues related to deadline for title company to respond to Trustee's offer of resolution and consider strategies and legal issues related to immediately filing motion for summary judgment |
| 05/22/18 | M. Bargar | 1.70 | Evaluate and analyze title report and consider legal issues related to motion for summary judgment following title company's failure to respond to Trustee's offer of resolution |
| 05/25/18 | M. Bargar | 3.60 | Continue to draft memo of law in support of motion for summary judgment (2.4); legal research regarding same (.5); continue to draft same (.7) |
| 05/25/18 | W. Matthews | 0.30 | Memo from M. Bargar regarding summary judgment analysis |
| 05/27/18 | M. Bargar | 4.20 | Continue to draft memo of law re MSJ (1.5); draft affidavit of Greg Hays regarding same (.9); legal research regarding memo of law (.5); continue to draft affidavit of Greg Hays (.4); draft statement of facts about which there is no dispute (.9) |
| 05/28/18 | M. Bargar | 3.80 | Draft motion for summary judgment (.4); draft memo to support staff regarding same (.2); continue to draft affidavit and statement of undisputed facts (.5); continue to draft brief in support (1.8); legal research regarding equitable relief defense raised by defendant in answer and consider strategies related to same (.9) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 12

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 05/29/18 | T. Jackson | 1.00 | Traveled to Cherokee Superior to obtain a copy of a Security Deed |
| 05/29/18 | M. Bargar | 2.00 | Continue to legal research and gather facts regarding motion for summary judgment including opinions from N.D. Ga bankruptcy court regarding notice from cancellation and related legal issues (1.3); continue to draft motion for summary judgment and related documents related to same (.7) |
| 05/30/18 | M. Bargar | 0.80 | Evaluate and analyze order and notice entered by court related to Rule 26(f) conference and consider legal issues related to motion for summary judgment (.2); legal research regarding same including defendant's failure to state whether it consents to entry of final judgments by bankruptcy court in accordance with Federal Rules of Bankruptcy Procedure (.4); telephone call to Chris Porterfield, counsel for title company, regarding same (.2) |
| 05/31/18 | M. Bargar | 0.60 | Draft correspondence to Trustee regarding status of adversary proceeding and suggested course of action related to same (.2); draft correspondence to Chris Porterfield, attorney for title company, regarding same (.2); draft correspondence to Chris Porterfield regarding same (.1); draft correspondence to Trustee regarding response of Chris Porterfield and related legal issues (.1) |
| 06/01/18 | M. Bargar | 3.60 | Continue to edit and revise motion for summary judgment and related papers, including memo of law (2.9); legal research regarding money judgment under Section 550 rather than recovery of property interest (.7) |
| 06/04/18 | M. Bargar | 1.90 | Continue to draft motion for summary judgment and related document, including memo in support (1.8); draft correspondence to Chris Portefield, counsel for title company, regarding same (.1) |
| 06/07/18 | M. Bargar | 1.30 | Continue to draft motion for summary judgment and related papers |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 13

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|------------|-------|-------------|
| 06/11/18 | M. Bargar | 2.30 | Continue to draft motion for summary judgment and related papers regarding attestation adversary proceeding (.9); draft correspondence to Trustee regarding same (.2); draft correspondence to Chris Porterfield, counsel for title company, regarding pending motion for summary judgment and consent order and consent judgment (.2); draft correspondence to Chris Porterfield regarding same (.1); telephone call to Chris Porterfield regarding same (.2); telephone call to Trustee regarding same (.2); draft correspondence to Trustee regarding same (.1); gather facts and consider legal issues related to resolution of adversary proceeding and sale of real property (.4) |
| 06/25/18 | M. Bargar | 0.80 | Telephone call to Gai Lynn McCarthy, counsel for debtor, regarding debtor's potentially buying the estate's interest in real property and related legal issues (.3); evaluate and analyze order and notice entered by Judge Basier in adversary proceeding and consider issues and strategies moving forward given Trustee and Wells Fargo agreeing to consent order and judgment (.3); telephone call to Chris Porterfield, counsel for title company and mortgagee, regarding same (.2) |
| 06/26/18 | M. Bargar | 0.50 | Gather facts and consider legal issues related to resolution of adversary proceeding (.2); evalaute and analyze offer from Gai Lynn McCarthy, counsel for debtors, to purchase property from estate following resolution with bank and consider issues and response to same (.3) |
| 06/27/18 | M. Bargar | 0.40 | Continue to evaluate and analyze offer of debtor's to buy estate interest in their primary residence and consider legal issues and strategies moving forward in resolution of adversary proceeding with Wells Fargo and title company |
| 07/05/18 | M. Bargar | 5.60 | Draft joint motion for consent order and judgment (1.1); draft consent order (1.0); draft consent judgment (1.0); draft correspondence to Trustee regarding same (.2); draft correspondence to Trustee regarding debtors' offer to buy (.2); legal research regarding resolution with Wells Fargo (.6); draft correspondence to Trustee regarding legal issues related to debtors' offer to buy their primary residence (.3); raft correspondence to Trustee regarding same (.2); continue to draft joint motion, consent order, and consent judgment (.6); draft correspondence to Trustee regarding same (.2); draft correspondence to Trustee regarding same (.2) |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 14

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 07/06/18 | M. Bargar | 1.20 | Draft correspondence to Chris Porterfield, counsel for title company, regarding consent order and judgment (.1); continue to draft joint motion (.4); continue to draft consent order (.3); continue to draft consent judgment (.4) |
| 07/10/18 | M. Bargar | 0.40 | Telephone call to Gai Lynn McCarthy, counsel for debtors, regarding debtors' offer to buy real estate and status of adversary proceeding with Wells Fargo (.3); telephone call to Trustee regarding same (.1) |
| 07/11/18 | M. Bargar | 0.50 | Telephone call to Trustee regarding avoidance action and related legal issues (.1); draft correspondence to Chris Porterfield, counsel for title company, regarding same (.2); draft correspondence to Chris Porterfield regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 07/13/18 | M. Bargar | 1.90 | Draft correspondence to Gai Lynn McCarthy, counsel for debtor, regarding status of adversary proceeding and debtors' offer to buy (.2); draft correspondence to Chris Porterfield, counsel for title company regarding same (.2); draft correspondence to Gai Lynn McCarthy regarding same (.2); draft memo to Trustee regarding same (.1); continue to draft consent motion, consent order, and consent judgment in preparation for filing (.7); draft memo to support staff regarding service of motion (.1); draft correspondence to Gai Lynn McCarthy regarding same (.2); telephone call to Judge Baisier's chambers regarding same and necessity of hearing (.2) |
| 07/16/18 | M. Bargar | 0.40 | Telephone call from Judge Baisier's law clerk regarding consent order presented to Court and related legal issues (.2); legal research regarding same (.2) |
| 07/17/18 | M. Bargar | 0.40 | Draft memo to B. Matthews regarding Rule 58 issue related to judgment presented to Court (.2); evaluate and analyze response memo from B. Matthews and consider legal issues moving forward (.2) |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 15

| <u>DATE</u> | <u>TIMEKEEPER</u> | <u>HOURS</u> | <u>DESCRIPTION</u> |
|---|---|---|---|
| 07/19/18 | M. Bargar | 1.80 | Evaluate and analyze order and judgment entered in avoidance action (.2); draft correspondence to Trustee regarding same (.1); gather facts and consider legal issues related to response to debtors' offer to buy estate's interest in property (.3); draft correspondence to Trustee regarding same (.1); draft memo to B. Matthews regarding same (.1); draft correspondence to Chris Porterfield, counsel for title company, regarding same (.2); draft correspondence to Chris Porterfield regarding same (.1); telephone call to Trustee regarding sale of property and related legal issues (.3); draft correspondence to Trustee regarding same (.2); draft memo to support staff regarding same (.2) |
| 07/20/18 | M. Bargar | 1.30 | Continue to gather facts and consider legal issues related to sale of primary residence to debtors (.8); draft correspondence to Gai Lynn McCarthy, counsel for debtors, regarding same (.2); legal research regarding same (.3) |
| 07/23/18 | M. Bargar | 0.40 | Evaluate and analyze valuation opinion from real estate broker and consider legal issues related to sale of real property (.1); draft correspondence to Trustee regarding same (.1); draft correspondence to Trustee regarding same (.1); draft correspondence to Trustee regarding same (.1) |
| 07/24/18 | M. Bargar | 0.50 | Telephone call to Trustee regarding sale of property to Debtors and related legal issues (.2); telephone call to Gai Lynn McCarthy, debtors' attorney, regarding same (.1); telephone call to Gai Lynn McCarthy regarding same (.2) |
| 07/26/18 | M. Bargar | 0.10 | Draft correspondence to Trustee regarding debtors' agreement to purchase primary residence |
| 08/01/18 | M. Bargar | 0.70 | Draft correspondence to Gai Lynn McCarthy, counsel for debtors, regarding debtors' purchase of real property (.1); draft correspondence to Gai Lynn McCarthy regarding same (.1); telephone call from Chris Porterfield, counsel for title company, regarding Trustee's efforts to sell and related legal issues (.2); consider legal issues related to sale of property to debtors and allowance of exemption as a credit bid for purposes of calculating overbid amounts (.3) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 16

| **DATE** | **TIMEKEEPER** | **HOURS** | **DESCRIPTION** |
|---|---|---|---|
| 08/02/18 | M. Bargar | 1.10 | Telephone call from Gai Lynn McCarthy, counsel for debtors, regarding legal issues related to sale of property to debtors (.8); legal research and gather facts related to same including overbid protections arising from use of exemption as effective credit bid (.3) |
| 08/10/18 | M. Bargar | 0.30 | Telephone call to Trustee regarding sale of real property to debtors (.1); telephone call to Gai Lynn McCarthy, counsel for debtors, regarding same including legal issues related to financing of purchase by debtors (.2) |
| 08/14/18 | M. Bargar | 0.80 | Draft correspondence to Gai Lynn McCarthy regarding sale of real estate to debtors (.2); gather facts and continue to consider legal issues related to same (.4); telephone call to Trustee regarding same (.2) |
| 09/05/18 | M. Bargar | 1.30 | Draft correspondence to Chris Porterfield, counsel for Wells Fargo, regarding sale of property and other related legal issues regarding liquidation of estate property (.3); gather facts and consider legal issues related to same (.1); legal research regarding deadline to file 502(h) claim (.8); draft correspondence to Trustee regarding same (.1) |
| 09/06/18 | M. Bargar | 0.90 | Telephone call to Gai Lynn McCarthy regarding sale of real property to debtors and related legal issues (.1); telephone call to Gai Lynn McCarthy regarding same (.1); telephone call to Gai Lynn McCarthy regarding same (.7) |
| 10/17/18 | M. Bargar | 0.20 | Telephone call to Trustee regarding sale of real property and related legal issues |
| 10/31/18 | M. Bargar | 3.50 | Draft affidavit affecting title to land to ensure order and judgment avoiding Wells Fargo's interest is in the Property's chain of title (.9); draft memo to support staff regarding recordation of same (.1); draft sale agreement regarding sale of real estate to debtors (2.5) |
| 10/31/18 | P. Bicknell | 0.40 | Letter to clerk regarding instructions for filing and recordation of Affidavit affecting title |
| 11/03/18 | M. Bargar | 1.60 | Continue to draft sale agreement to sell primary residence back to debtors (1.6) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 17

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 11/04/18 | M. Bargar | 0.90 | Continue to draft sale agreement to sell primary residence back to debtors (.6); draft trustee deed, which is attached as Exhibit "A" to same (.2); draft correspondence to Trustee regarding same (.1) |
| 11/05/18 | M. Bargar | 0.70 | Telephone call to Trustee regarding sale of real property to debtor and related legal issues (.3); edit sale agreement following requested edits by Trustee (.2); draft correspondence to Gai Lynn McCarthy, counsel for debtors, regarding same (.2) |
| 11/09/18 | M. Bargar | 0.10 | Draft correspondences (x2) to Gai Lynn McCarthy regarding sale of real property back to Debtors |
| 11/19/18 | M. Bargar | 0.60 | Draft correspondence to Gai Lynn McCarthy regarding legal issues related to sale of primary residence to Debtors (.2); draft correspondence to Gai Lynn McCarthy regarding same (.1); legal research regarding lease of property to Debtors and consider legal issues moving forward (.3) |
| 11/29/18 | M. Bargar | 0.50 | Draft correspondence to Trustee regarding legal issues related to debtors' request to rent primary residence pending sale of same property to debtors in July 2019 along with related legal issues (.1); telephone call to Trustee regarding same (.3); legal research regarding rent of residence to debtors (.1) |
| 11/30/18 | M. Bargar | 0.70 | Meet with Trustee to discuss legal issues and strategies related to sale of real property that was the subject of Wells Fargo avoidance action (.4); telephone call from Porterfield, counsel for Wells Fargo, regarding same (.3) |
| 12/03/18 | M. Bargar | 2.00 | Draft correspondence to Trustee regarding sale of real property to debtors and related legal issues (.2); draft correspondence to Trustee regarding same (.1); telephone call to Gai Lynn McCarthy regarding same (.2); draft correspondence to Trustee regarding same (.2); evaluate and analyze requested edits by Gai Lynn McCarthy and consider appropriate response regarding same (.3); draft correspondence to Gai Lynn McCarthy regarding her requested edits to the agreement (.7); draft correspondence to Gai Lynn McCarthy regarding same (.3) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 18

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 12/04/18 | M. Bargar | 0.90 | Evaluate and analyze signed agreement to confirm that it is same agreement agreed to by parties (.4); draft correspondence to Trustee regarding same (.2); draft correspondence to Gai Lynn McCarthy regarding payment of deposit in accordance with agreement (.1); draft correspondence to Trustee regarding same (.1); telephone call to Trustee regarding same (.1) |
| 12/06/18 | P. Bicknell | 2.20 | Review of statements and schedules (.10), title report (Ashbury Court) (.20), and asset purchase agreement (.30); prepare motion to sell property of the estate free and clear of all liens, interests and encumbrances and to disburse certain proceeds at closing and notice of hearing on same (1.60) |
| 12/06/18 | M. Bargar | 0.20 | Draft memos (x3) to support staff regarding sale motion and related legal issues |
| 12/07/18 | M. Bargar | 2.80 | Edit sale motion (1.1); draft correspondence to Trustee regarding same (.2); draft memos (x4) to support staff regarding same (.3); edit notice of hearing (.2); draft memo to support staff regarding same (.1); draft memo to support staff regarding incorrect notice of hearing filed on docket (.1); evaluate and analyze sale agreement in conjunction to payment of escrow deposit and consider implications of payment on same (.3); draft letter to Trustee regarding delivery of escrow check from debtors in compliance with sale agreement (.2); telephone call from Trustee regarding legal issues related to sale and strategies moving forward (.3) |
| 01/03/19 | M. Bargar | 0.40 | Draft correspondence to Gai Lynn McCarthy, counsel for debtors, regarding legal issues related to closing (.2); draft memo to support staff regarding same (.2) |
| 01/07/19 | P. Bicknell | 0.80 | Review of sale motion (.10); obtain and review court docket regarding objections/responses filed (.10); prepare proposed Order (.60) |
| 01/07/19 | M. Bargar | 2.10 | Draft correspondence to Gai Lynn McCarthy (x2), debtors' attorney, regarding hearing on sale motion (.2); prepare for hearing on sale motion (.3); to court and attend same (1.2); edit proposed order (.3); draft correspondence to Trustee regarding same (.1) |
| 01/11/19 | P. Bicknell | 0.70 | Review and make revisions to closing statement (.20); review/revise Trustee's deed (.60) |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 19

| DATE | TIMEKEEPER | HOURS | DESCRIPTION |
|------|-----------|-------|-------------|
| 01/11/19 | M. Bargar | 0.40 | Evaluate and analyze closing statement and related documents and consider legal issues related to closing of sale to debtors (.3); draft memo to support staff regarding same (.1) |
| 01/14/19 | M. Bargar | 0.10 | Telephone call from Chris Porterfield, counsel for Wells Fargo/title company, regarding status of closing of sale and related legal issues |
| 01/18/19 | M. Bargar | 0.10 | Draft correspondence to Trustee regarding legal issues related to closing of sale of primary residence back to debtors |
| 01/18/19 | M. Bargar | 1.20 | Draft correspondence to Trustee regarding legal issues related to closing of case, including objections to proofs of claim (.5); gather facts and consider legal issues related to same (.2); evaluate and analyze correspondence from Trustee regarding potential objection to large (and likely insider claim) and consider legal issues and strategies related to same (.3); draft correspondence to Trustee regarding legal issues related to closing of sale (.2) |
| 02/04/19 | M. Bargar | 1.00 | Draft AGG fee application |
| 02/06/19 | M. Bargar | 1.20 | Continue to draft AGG fee application |
| 02/14/19 | M. Bargar | 2.40 | Estimated time to prepare for and attend fee application hearing (1.5); and draft proposed order (.5); continue to draft fee application in preparation for submission to Trustee (.4) |

|  |  |
|---|---|
| **Total Hours** | **166.00** |
| **Total For Services** | **$64,040.00** |

**EXPENSES**

| | |
|---|---|
| PAYEE: DeKalb County Superior Court; REQUEST#: 206050; DATE: 2/17/2017. - Fee for filing and recordation of trustee's claim of interest and notice of bankruptcy filing. | 16.00 |
| PAYEE: Clerk, Superior Court of Cherokee County; REQUEST#: 206051; DATE: 2/17/2017. - Fee for filing and recordation of trustee's claim of interest and notice of bankruptcy filing. | 16.00 |

**Greg Hays, Trustee in Bankruptcy**

Client/Matter #22151-89

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 20

| | |
|---|---|
| VENDOR: Wells Fargo - Firm Credit Card; INVOICE#: RECLASS-2-22-17; DATE: 4/28/2017 Wells Fargo Firm CC 2/17/17 Pay.gov Payment Confirmation: GA Northern CM ECF | 181.00 |
| PAYEE: Clerk, Superior Court of Cherokee County; REQUEST#: 220011; DATE: 10/31/2018.  - Fee for filing and recordation of affidavit affecting title. | 36.00 |
| PAYEE: SunTrust Bankcard, N.A.; REQUEST#: 221177; DATE: 12/20/2018.  GA Northern CM ECF on 12/7/18. | 181.00 |
| PAYEE: SunTrust Bankcard, N.A.; REQUEST#: 221177; DATE: 12/20/2018.  GA Northern CM ECF on 12/7/18. | 181.00 |
| VENDOR: AQuickDelivery INVOICE#: 298606 DATE: 1/1/2019 Curtis Clark to Hayes Financial | 8.27 |
| VENDOR: AQuickDelivery INVOICE#: 207635 DATE: 3/31/2017 Micheal Trammell to Hays Financial | 9.11 |
| VENDOR: Petty Cash/ c/o Toussant Jackson; INVOICE#: PETTYCASH-6/18/18; DATE: 6/18/2018 - Traveled to Cherokee Superior to obtain a copy of a Security Deed on 5/29/18. | 52.38 |
| VENDOR: Traditional Title Services, Inc.; INVOICE#: 2072682; DATE: 2/10/2017 - Full title examination of real property known generally as 2368 Bynum Road, NE Brookhaven, Dekalb County, 30319. | 158.00 |
| VENDOR: Traditional Title Services, Inc.; INVOICE#: 2073907; DATE: 2/20/2017 - Fee for full title examination of real property known generall as 3000 Ashbury Court, Woodstock, GA 30189. | 190.50 |
| Postage | 119.82 |
| **Total Expenses** | **$1,149.08** |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-89**

February 18, 2019
Invoice #758527
Neil C. Gordon
Page 21

|  | Fees | Disbursements | Total |
|---|---|---|---|
| CURRENT CHARGES: | 64,040.00 | 1,149.08 | 65,189.08 |
| Total Balance Due: | 64,040.00 | 1,149.08 | 65,189.08 |

**Total This Statement**     **$65,189.08**

**Attorney and Paralegal Summary**

| Name | Year | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Bargar, Michael J. | 2017 | 365.00 | 5.90 | 2,153.50 |
| Bargar, Michael J. | 2017 | 395.00 | 31.60 | 12,482.00 |
| Bargar, Michael J. | 2018 | 395.00 | 3.90 | 1,540.50 |
| Bargar, Michael J. | 2018 | 430.00 | 89.40 | 38,442.00 |
| Bargar, Michael J. | 2019 | 430.00 | 8.90 | 3,827.00 |
| Bicknell, Pamela E. | 2017 | 175.00 | 11.70 | 2,047.50 |
| Bicknell, Pamela E. | 2017 | 185.00 | 6.90 | 1,276.50 |
| Bicknell, Pamela E. | 2018 | 195.00 | 2.60 | 507.00 |
| Bicknell, Pamela E. | 2019 | 195.00 | 1.50 | 292.50 |
| Gordon, Neil C. | 2017 | 560.00 | 2.30 | 1,288.00 |
| Jackson, Toussant S. | 2018 | 65.00 | 1.00 | 65.00 |
| Matthews, William D. | 2018 | 395.00 | 0.30 | 118.50 |
| **Total** |  |  | **166.00** | **$64,040.00** |

**Arnall
Golden
Gregory** LLP

Greg Hays, Trustee in Bankruptcy                              February 18, 2019
Hays Financial Consulting, LLC                               Invoice #758527
2964 Peachtree Road, NW                                      Neil C. Gordon
Suite 555
Atlanta, GA 30305

Invoices Due as of February 18, 2019 in connection with:

Client  - #22151 - Hays, Greg Trustee in Bankruptcy
Matter - #89 - Catalan, Alberto and Catalan, Caron Hegarty (Case No. 17-50138-PMB)

| Invoice No. | Date | Amount  Billed | Amount Received | Amount Outstanding |
|---|---|---|---|---|
| 758527 | 02/18/19 | $65,189.08 | ($0.00) | $65,189.08 |

TOTAL AMOUNT DUE FOR THIS MATTER                             $65,189.08

Amount of Payment Enclosed        $_____.

TO ENSURE THAT YOUR ACCOUNT IS PROPERLY CREDITED, PLEASE RETURN THIS PAGE
WITH YOUR PAYMENT.
Thank You!

REMITTANCE COPY

A LATE CHARGE OF 1-1/2% PER MONTH WILL BE APPLIED TO BALANCES OUTSTANDING OVER 60 DAYS

FEI# 58-0543673

Remit Check Payments to:              For Billing Inquires:
Arnall Golden Gregory LLP             Phone:  404.873.8500
171 17th Street NW · Suite 2100       Fax: 404.873.8501
Atlanta, GA · 30363                   E-mail: billing@agg.com

Atlanta, GA | Washington, DC

EXHIBIT "B"

## ARNALL GOLDEN GREGORY LLP
**171 17th Street, N.W., Suite 2100
Atlanta, Georgia  30363-1031
(404) 873-8500**

## PARTNERS

**NEIL C. GORDON** — Admitted to Georgia Bar in 1979.  Education: University of Florida (B.S.B.A. cum laude, 1976); University of Georgia (J.D. 1979).  Law Clerk to Hon. Robert L. Vining, Jr., Judge, U.S. District Court, Northern District of Georgia, 1979-81; Publications: Co-Author, "*Law v. Siegel* Dicta Leads Lower Courts Astray," American Bankruptcy Institute Journal, Vol. XXXIV, No. 2 (February 2015); Co-Author, "When Can the Statute of Limitations for Avoidance Actions Be Extended?" American Bankruptcy Institute Journal, Vol. XXXII, No. 5 (June 2013); Co-Author, "*Schwab v. Reilly* Two Years Later: Appellate Opinions on Appreciation and 100 Percent of FMV," American Bankruptcy Institute Journal, Vol. XXXI, No. 9 (October 2012); Author, "Section 362(h) Does Not Deprive a Trustee of Standing to Void a Lien," American Bankruptcy Institute Journal, Vol. XXIX, No. 10 (December 2010/January 2011); Author, "An Overview of Mortgage and Finance Fraud for Trustees," in Mortgage and Finance Fraud Litigation Strategies (Thomson Reuters/Aspatore Books 2010); Author, "The Art of the Carve-Out," NABTalk, Vol. 25, No. 1 (Spring 2009); Co-Author, "New Tax Laws Affecting Home Sales Give Chapter 7 Trustees Long Overdue Relief" , Bankruptcy Court Decisions, Vol. 32, No. 20 (July 28, 1998); Co-Author, "Maximizing Returns for Estate Creditors by Minimizing Taxes: Exclusion of Gain from the Sale of the Debtor's Principal Residence", NABTalk, Vol. 16, No. 3 (Fall, 2000); Co-Author, "Recent Cases," NABTalk, Quarterly Publication of National Association of Bankruptcy Trustees (NABT 2003-present); Editorial Board, NABTalk (2003-present). Member: Atlanta Bar Association, Bankruptcy Law Section (Chair 1992-1993, Board Member 1988-1994); State Bar of Georgia; American Bankruptcy Institute (Legislation Committee Co-Chair); National Association of Bankruptcy Trustees (Board Director 2000-2014; Executive Committee 2006-2014; Secretary 2006-2007;

13148603v1

Treasurer 2007-2008; Vice-President 2008-2011; President 2011-2012; Immediate Past President 2012-2013; Past President Director 2013-2014); Panel, United States Trustees; Fellow, American College of Bankruptcy; Master of the Bench, Georgia Bankruptcy American Inn of Court.

Seminar Presentations: "Case Law Update," NABT Spring Seminar, Rio Grande, Puerto Rico (March 3, 2017); "Case Law Update," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 4-8, 2017); "Exemptions," American Bankruptcy Institute Winter Leadership Conference, Rancho Palos Verdes, California (December 1-3, 2016); "Simply the Best: Case Law Update," NABT Annual Convention, San Diego, California (September 9, 2016); "Exemption Issues in Chapter 13," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 23, 2016); "Dismissal and Conversion Issues," NACTT 51st Annual Conference, Philadelphia, Pennsylvania (July 22, 2016); "Recent Cases: Case Law Update," NABT Spring Seminar, Atlanta, Georgia (April 8, 2016); "Avoidance and Recovery Actions Across the Chapters: Roles & Perspectives of Trustees," American Inns of Court Winter Program, Atlanta, Georgia (January 26, 2016); "Exemption Law – Immunity to Treat Creditors with Impunity or the Privilege of Fresh Start" and "Case Law Update: Commercial/Business," Law Education Institute (LEI) Conference, Vail, Colorado (January 6-10, 2016); "So You Thought You Understood Exemptions!" Cobb County Bar Association, Marietta, Georgia (October 10, 2015); "Does Law v. Siegal Really Stand for That?," National Conference of Bankruptcy Judges 89th Annual Meeting, Miami, Florida (September 27-30, 2015); "Exemptions" and "Case Law Update," NABT Annual Convention, Chicago, Illinois (August 27-29, 2015); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (August 21, 2015); "Case Law Update," NABT Spring Seminar, Charleston, South Carolina (February 27, 2015); "How to Approach Banks about Short Sales and Carve-Outs," American Bankruptcy Institute Conference, Tulane University, New Orleans, Louisiana (January 19, 2015); "Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 7-11, 2015); "Zip Lining through the Tough issues in Avoiding a Preference or Set-Off," Institute of Continuing Legal Education in Georgia, Greensboro, Georgia (October 23, 2014);

"Current Consumer Trends & Practices," American College of Bankruptcy, National Conference of Bankruptcy Judges 88th Annual Meeting, Chicago, Illinois (October 8, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Workshop, Salt Lake City, Utah (September 12, 2014); "Case Law Update," NABT Annual Convention, Salt Lake City, Utah (September 12, 2014); "Case Law Update," United States Trustee Region 3 Trustee Training (includes Delaware, New Jersey, and Pennsylvania Trustees), Harrisburg, Pennsylvania (June 6, 2014); "Case Law Update," United States Trustee Region 21-Northern District of Georgia Trustee Training (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (May 9, 2014); "The Nuts & Bolts of Chapter 11," American Bankruptcy Institute Southeast Seminar, Coral Gables, Florida (April 5, 2014); "Case Law Update," NABT Spring Seminar, Coral Gables, Florida (April 5, 2014); "Chapter 7 and 11 Case Law Update," Law Education Institute (LEI) Conference, Vail, Colorado (January 5-9, 2014); "Real Estate Short Sales and Carve-Outs," American Bankruptcy Institute 25th Annual Winter Leadership Conference, Rancho Palos Verdes, California (December 6, 2013); "Chapter 7 & Hot Topics," National Conference of Bankruptcy Judges  2013 Annual Conference, Atlanta, Georgia (November 1, 2013); "Case Law Update" NABT 2013 Annual Meeting, White Sulphur Springs, West Virginia (August 8, 2013); "Plenary Session: Consumer Update 2013," American Bankruptcy Institute Southeast Seminar,  Amelia Island, Florida (July 18-21, 2013); "Mortgage Avoidance Issues in Bankruptcy (A Trustee's Perspective)," 35th Annual Real Property law Institute, Amelia Island, Florida (May 9, 2013); "The Good, the Bad, and the Ugly – Case Law Update," NABT 2013 Spring Seminar, Scottsdale, Arizona (February 22-23, 2013); "Case Law Developments," "What Is the Trustee Up to Now?" "Mortgage Issues: Pervasive Issues and Abuses," and Fraudulent Conveyances," Law Education Institute (LEI) Conference, Snowmass, Colorado (January 2-5, 2013); "Case Law Update I," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 8, 2012); Case Law Update II," NABT 2012 Annual Meeting, Colorado Springs, Colorado (September 6, 2012) "Bankruptcy Issues for Auctioneers," National Auctioneers Association's 63rd International Auctioneers Conference, Spokane, Washington (July 18, 2012); "The Presidents' Panel: Current Issues in Consumer Bankruptcy," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 13, 2012); "Waiter! Check Please! Paying the

13148603v1

Tab in Consumer Bankruptcy: The Real Costs of Accessing the System," NACTT 47th Annual Seminar, New Orleans, Louisiana (July 12, 2012); "An Empirical Study of the Costs of BAPCPA," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 31, 2012); "Sold! Short Sales/724(b) Sales: The New Normal," NABT 2012 Spring Seminar, Las Vegas, Nevada (March 30, 2012); "Ethics and Professionalism Potpourri," 36th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 17, 2012); "Latest Developments – Case Law Update," "Ethic Standards Re-Examined," and "Who Gets the Money? Claims Objections Issues," Law Education Institute's 29th Annual national CLE Conference, Snowmass, Colorado (January 4 – 8, 2012); "Hot Topics in Chapter 7," ABI/NCBJ Roundtable, National Conference of Bankruptcy Judges, Tampa, Florida (October 12-15, 2011); "Case Conversion Issues," NABT 2011 Annual Meeting, Amelia Island, Florida (September 21-24, 2011); "Today's Chapter 7," Panel, Annual Southeast Bankruptcy Workshop, Kiawah Island, South Carolina (July 27-30, 2011); "Select Claim Objection Issues," NABT Spring Seminar, Santa Monica, California (March 26, 2011); "Looking Ahead: What's in Store for Consumer Practitioners in 2011," 35th Annual Judge Alexander L. Paskay Seminar on Bankruptcy Law and Practice, Tampa, Florida (March 10-12, 2011); "Chapters 7 and 11 Case Law Update," State Bar of Georgia Bankruptcy Law Section, Greensboro, Georgia (October 28, 2010); "Recovering Unauthorized Post-Petition Transfers," NABT Convention, San Francisco, California (October 1, 2010); "Chapter 7 Law Update," Middle District of Georgia Bankruptcy Institute, Macon, Georgia (September 17, 2010); " Individual Business Bankruptcy Cases," Metro Atlanta Consumer Bankruptcy Attorneys Group, Atlanta, Georgia (May 21, 2010), "Professionalism Issues," Atlanta Bar Association, Bankruptcy Law Section Seminar, Atlanta, Georgia (May 6, 2010); "Recurring Issues among Consumer Lawyers and Trustees and How to Avoid Them," American Bankruptcy Institute, Washington, D.C. (May 1, 2010); "The Nouveau Pauvre, or Who Used to Be a Millionaire (Finding Assets in Those Mid and Large Size Cases in Which the Debtors Used to Be "High-End" Debtors)," NABT Spring Seminar, Savannah, Georgia (April 9, 2010); "Trends and Threads in Business Cases: Case Law Update from the Front," National CLE Conference, Vail, Colorado (January 6, 2010); "Prebankruptcy Asset Protection and Planning: How Far Can the Line Be Pushed before the Trustee Reacts," National CLE Conference, Vail,

Colorado (January 7, 2010), and "Making Sense of the Tide in Consumer Case/Issue Development: Caselaw Review of Recent Consumer Bankruptcy Decisions," National CLE Conference, Vail, Colorado (January 8, 2010); "Hot Topics in Chapter 7," ICLE Bankruptcy Seminar, Braselton, Georgia (November 12, 2009); "The Art of the Carve-Out," NABT Annual Convention, Boston, Massachusetts (August 29, 2009); "Hot Consumer Topics in Chapter 7," American Bankruptcy Institute 14th Annual Southeast Bankruptcy Workshop, Hilton Head, South Carolina (July 30, 2009 – August 1, 2009); "Negotiation/Out-of-Courtroom Skills and Techniques," American Bankruptcy Institute's Skills Training Program, Atlanta, Georgia (June 4, 2009); "Select Trustee Issues," 11th Circuit Fellows Luncheon, American College of Bankruptcy, Washington, D.C. (March 27, 2009); "Case Law Update: The Good, The Bad, and The Ugly," National CLE Conference (LEI), Vail, Colorado, January 4-5, 2009; "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Atlanta, Georgia (October 21, 2008); "The Art of the Carve-Out," NABT Spring Seminar, Santa Fe, New Mexico (April 26, 2008); "Bankruptcy Claim Quandaries, Administrative Claims, Claims Evidentiary Issues, Superpriority Claims Upon Conversion to Chapter 7, Rejection Claims, and Estimation Claims," National CLE Conference (LEI), Vail, Colorado, January 4-6, 2008; "Select Exemption Issues," National Conference Bankruptcy Judges, Orlando, Florida (October 10, 2007); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees) Atlanta, Georgia (September 27, 2007), "Administering Exempted Assets," NABT Spring Seminar, Atlanta, Georgia (March 16, 2007); "Pro Se Debtor Cases and Issues," American Bankruptcy Institute's 11th Annual Southeast Bankruptcy Workshop (July 26-29, 2006); "Case Law Update," United States Trustee Region 21 Seminar (includes Florida, Georgia, Puerto Rico, and U.S. Virgin Islands Trustees), Miami, Florida, Georgia (June 22-23, 2006); "Bankruptcy Reform Act - Hot Issues," NABT Spring Seminar, Phoenix, Arizona (March 4, 2006); "Tax Issues in the Era of the New Bankruptcy Reform Act," Georgia Society of CPAs, Atlanta, Georgia (June 21, 2005); "The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: How will it affect your business?" APPLICANT Seminar, Atlanta, Georgia (June 3, 2005); "Bankruptcy Issues for the Commercial Realtor," Atlanta Board of Realtors, Atlanta,

Georgia (June 2, 2005); "Proving Deepening Insolvency," Emory Bankruptcy Developments Journal Symposium, Atlanta, Georgia (March 24, 2005); "Case Conversion Issues," United States Trustee Region 21 Seminar (includes Florida and Georgia Trustees), Savannah, Georgia (January 20-21, 2005); "New Developments: A Trustee's Perspective," NABT Convention, San Diego, California (September 11, 2004); "Holding onto Assets," NABT Spring Seminar, Las Vegas, Nevada (March 12-13, 2004); "Case Law Update," United States Trustee Region 21 Seminar, Atlanta, Georgia (January 8, 2004); "Recovering Assets through Litigation in Bankruptcy," National Bankruptcy Training Institute, Columbia, South Carolina (November 18, 2003); Faculty Member, National Bankruptcy Training Institute, Columbia, South Carolina (2003); "Claims Review, Objections, and Resolutions," NABT Annual Convention, Washington, D.C. (September 9, 2003); "Perfection of Collateral" and "Guaranty Agreements," SouthTrust Bank Live Video Broadcast Seminar, Atlanta, Georgia (August 22, 2003); "Establishing Corporate Insider Liability: From Deepening Insolvency to Avoidance Issues," NABT Spring Seminar, Coral Gables, Florida (March 29, 2003); Training Seminar for New Trustees, Office of the United States Trustee (September 12, 2002); "Case Law Update," United States Trustee Region 21 Seminar (Florida and Georgia Trustees) (May 3, 2002); "Bankruptcy and Foreclosures," Georgia ICLE (April 17, 2002); "Loan Documentation Issues," (August 22, 2003); "How to Protect the Interest of Secured Creditors in Georgia," National Business Institute (NBI); "How New Bankruptcy Legislation Will Impact Your Practice," Consumer Bankruptcy Attorneys Association; "Advanced Real Estate Seminar: Bankruptcy Issues," NBI; "Ethics in Bankruptcy," State Bar of Georgia, Bankruptcy Law Section; "Chapter 11 Single Asset Real Estate Cases," Atlanta Bar Association, Bankruptcy Law Section; "Bankruptcy: An Overview," Georgia Department of Banking and Finance; "Bankruptcy: An Overview," Mortgage Bankers Association of Georgia; "Liens and Credit Issues in Bankruptcy," NBI.

## OF COUNSEL

**WILLIAM D. MATTHEWS** – Admitted to Georgia Bar in 1986. Education: University of South Carolina (B.S., Mathematics, magna cum laude, 1983); Duke University School of Law (J.D., with honors, 1986). Member: State Bar of Georgia. Law Clerk for the Honorable W.H.

Drake, Jr. (1986-1989). Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

### ASSOCIATE

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring.

13148603v1